**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| **KIM M. NATAL, et al.,**<br>**Plaintiffs,**<br>**v.**<br>**KATE L. NATAL, et al.,**<br>**Defendants.** | **Civil Action No.**<br>**26-10800-FDS** |

**ORDER OF DISMISSAL**

**SAYLOR, D.J.**

On February 11, 2026, *pro se* plaintiffs Kim M. Natal and Heriberto Natal, who reside in Puerto Rico, filed a civil complaint against defendants Kate L. Natal and Adam Simmons. Kim and Heriberto Natal are the parents of Kate Natal. The dispute concerns real property located in Acushnet, Massachusetts (the "Property"), where defendants reside. Jurisdiction is based on diversity of citizenship.

With the complaint, plaintiffs filed a motion for leave to file *in forma pauperis*. The Court will grant that motion.

Although the complaint is not entirely clear, it appears that plaintiffs own the Property; that they are divorced; and that they wish to sell it as part of the division of their marital assets. Plaintiffs contend that defendants are occupying the Property pursuant to a 2020 lease between the parties, which has allegedly been deemed invalid by a divorce court in Puerto Rico. Plaintiffs contend that once they notified defendants of the invalidity of the lease and the planned sale of the Property, defendants retained an attorney and commenced an action in the Taunton Superior Court to stop the sale. Compl. ¶ 3(D). It appears that the Superior Court issued a

memorandum of decision and order on July 17, 2026, that addressed the dispute. Plaintiffs contend that they have two "opposing" court orders and "don't know which one to obey." *Id.* ¶ 3(E). Plaintiffs ask this court to uphold the order of the Puerto Rico court or "[f]orce plaintiffs and defendants to renegotiate a new price." *Id.* ¶ 4.

When a litigant is allowed to proceed without payment of the filing fee, the court must conduct a preliminary screening of the complaint before requiring a defendant to respond. The court may dismiss any claim that is malicious or frivolous, fails to state a claim upon which relief can be granted, or seeks monetary relief from a party who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2). In conducting that review, the court must liberally construe the complaint because plaintiff is proceeding *pro se*. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

To the extent plaintiffs seek to have this court modify or interpret the Puerto Rico divorce court decision, it appears to implicate the domestic-relations exception to diversity jurisdiction and therefore the subject-matter jurisdiction of the Court.

As a general matter, under the domestic-relations exception to federal jurisdiction, federal courts do not have authority to hear cases involving family-law issues that fall within the traditional authority of the states. *See Barber v. Barber*, 62 U.S. 582, 584 (1858) ("We disclaim altogether any jurisdiction in the courts of the United States upon the subject of divorce, or for the allowance of alimony . . . ."); *In re Burrus*, 136 U.S. 586, 593-94 (1890) ("The whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the States and not to the laws of the United States."). A lawsuit seeking to "obtain, alter or end a divorce, alimony or child custody decree" is outside the jurisdiction of the Court. *Dunn v. Cometa*, 238 F.3d 38, 41 (1st Cir. 2001) (citing *Ankenbrandt v. Richards*, 504 U.S. 689, 704 (1992)).

Furthermore, there is no basis for this court to intervene in the pending Massachusetts action. "Proceedings in state courts should normally be allowed to continue unimpaired by intervention of the lower federal courts, with relief from error, if any, through the state appellate courts and ultimately [the United States Supreme] Court." *Atl. Coast Line R. Co. v. Bhd. of Locomotive Eng'rs*, 398 U.S. 281, 287, (1970). The Anti-Injunction Act, 28 U.S.C. § 2283, provides: "A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. The statute "is a necessary concomitant of the [decision of the Framers of the Constitution] to authorize, and Congress' decision to implement, a dual system of federal and state courts." *Smith v. Bayer Corp.*, 564 U.S. 299, 306 (2011) (quoting *Chick Kam Choo v. Exxon Corp.,* 486 U.S. 140, 146 (1988)). Its "core message is one of respect for state courts," and it "commands that those tribunals 'shall remain free from interference by federal courts.'" *Id.* (quoting *Atl. Coast Line R. Co.*, 398 U.S. at 282. Put differently, the Anti-Injunction Act "says that federal courts cannot by injunction govern the conduct of state litigation," and that "federal courts must abstain from disrupting ongoing state litigation in all the most extraordinary situations." *Mannix v. Machnik*, 244 Fed. App'x 37, 39 (7th Cir. 2007).

To the extent plaintiffs seek to have this court modify or otherwise affect the pending action in Massachusetts, in substance plaintiffs seek a *de facto* injunction against the state court. At a minimum, the Anti-Injunction Act precludes this court from taking such action.

Accordingly, this action is DISMISSED for lack of subject-matter jurisdiction and/or failure to state a claim upon which relief can be granted.

**So ordered.**

/s/ F. Dennis Saylor IV
F. Dennis Saylor IV
United States District Judge

Dated: November 9, 2026